**C.R. OF RIALTO, INC.**

v.

**CITY OF RIALTO.**

**No. EDCV 96–171 RT (VAPx).**

United States District Court, C.D. California.

April 8, 1997.

---

7. "R.T." here refers to the reporter's transcript of the March 9, 1992 Sentencing Hearing.

G. Randall Garrou and John H. Weston, Weston, Garrou & DeWitt, Los Angeles, CA, for Plaintiff.

Robert A. Owen, City Attorney, Freilich, Kaufman, Fox & Sohagi, Deborah J. Fox, Terry P. Kaufmann Macias, Los Angeles, CA, for Defendant.

PROCEEDINGS: NOTICE OF INTENDED DECISION ON PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION AGAINST ENFORCEMENT OF THE DEFENDANT CITY OF RIALTO'S ADULT ZONING ORDINANCE ("MOTION").

TIMLIN, District Judge.

The court has read and considered Plaintiff C.R. of Rialto, Inc.'s ("C.R.Rialto") motion, Robert Lamishaw's ("Lamishaw") declaration, the opposition and supplemental opposition filed by the City of Rialto ("City"), and C.R. Rialto's amended reply papers.

## I.

### REQUEST FOR JUDICIAL NOTICE

C.R. Rialto's request that the court take judicial notice of the City's Ordinance No. 939, Sections 18.60.030 and 18.60.050 of the City's Municipal Code ("Code") is granted.

## II.

### BACKGROUND

On July 10, 1996, C.R. Rialto filed an *ex parte* application for a temporary restraining order seeking to be allowed to "return" to providing "erotic performances" at its location at 312 South Riverside Ave in Rialto, California ("Riverside Avenue premises"). The court denied the application, but granted C.R. Rialto's request to consolidate the hearing on the preliminary injunction with a trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, limiting the hearing on the preliminary and permanent injunction to a facial challenge to the City's adult business regulations.

On December 2, 1996, the court issued a permanent injunction, as amended on March 27, 1997, enjoining the City from enforcing 1) its 1996 Interim Ordinances No. 1242 and 1245, and 2) the conditional development permit requirement ("CDP Requirement") of § 18.105.050 of Chapter 18.105 ("Section 18.105.050") of the Code in accordance with Chapter 18.66 of the Code against expressive activities protected by the First Amendment anywhere in the City. The injunction also severed 1) the CDP Requirement of Section 18.105.050 from the code and 2) Chapter 18.66 of the code from any applicability to adult oriented businesses as provided in section 18.05.050 of Chapter 18.105 of the Code.

The court concluded the above sections of the code were facially unconstitutional.

C.R. Rialto has brought this motion seeking issuance of a preliminary and permanent injunction against enforcement of the zoning and related locational restrictions on adult oriented entertainment businesses as provided in section 18.105.050 and 18.105.060 of the code because they are unconstitutional in their application by the City. C.R. Rialto also requests that the trial of the action on the merits of the permanent injunction be consolidated with the hearing on the preliminary injunction, and that pursuant to Fed.R.Civ.P. 42(b) the trial of those claims be severed from the trial of its other remaining claims.

## III.

### ANALYSIS

C.R. Rialto contends that it is entitled to a permanent injunction enjoining the City from applying the provisions of Sections 18.105.050, 18.105.060 and 18.34.020–S of the code[1] upon adult oriented businesses at any location in the City, including its Riverside Avenue premises, because under the current zoning of the City their combined application violates its rights under the First Amendment to operate an adult oriented business within the City. The application of those provisions of the Code results in no property being available within the City for an adult business.

The City contends that 1) C.R. Rialto's motion should be stricken because C.R. Rialto stipulated with the City that it would not seek this preliminary injunction, 2) The City is greatly prejudiced by C.R. Rialto's consolidation request under Fed.R.Civ.P. 65(a)(2) because it has not had adequate time to prepare its case or engage in discovery, 3) The court can sever the 1000 foot distance restriction of 18.105.060 ("Section 18.1050.060") of the code and thereby leave the City with a constitutional and valid zon-

ing regulation, 4) The court should not grant C.R. Rialto's motion because, in essence, it would be rezoning the entire City as available for adult businesses, and 5) C.R. Rialto lacks standing to bring this motion.

### A. C.R. Rialto Did Not "Stipulate" That It Would Not Bring A Motion For Preliminary Injunction

The City contends that C.R. Rialto should not be permitted to bring this motion because it stipulated with the City that it would not seek a second preliminary injunction. C.R. Rialto does not respond to the City's contention.

■ The court has reviewed the transcript of the July 16, 1996 telephonic proceeding in which all parties participated. In that proceeding, C.R. Rialto stated that it would not seek a second preliminary injunction if the court found that the City's regulations were facially constitutional. The court found, however, that the City's regulations were facially unconstitutional and issued a permanent injunction on December 2, 1996. Consequently, C.R. Rialto is not barred from noticing this motion.

### B. The City Is Not Prejudiced By The Court's Consideration Of The Request To Consolidate

The City contends that there are three reasons why it would be greatly prejudiced if the court grants the request to consolidate. First, the request is not in the interests of judicial economy because the court still must hold a trial on the merits as to several other claims. Second, C.R. Rialto did not give the City reasonable notice of this motion. Third, the City has not had time to conduct adequate discovery. C.R. Rialto has not addressed the City's contentions.

■ This motion is in the interests of expedition and judicial economy. Both parties have fully briefed the issues presented by

**1.** The City's opposition refers to Section 18.34.020–S of the Code which, similarly to Section 18.105.050, allows adult oriented businesses in the C–3 zone of the City. In its reply, C.R. Rialto requests the court's approval to amend its First Amended Complaint ("FAC") to conform with proof, and to allow it to allege the unconsti-

tutionality of Section 18.24.020–S in its application to C.R. Rialto's operating an adult oriented business inside the City's boundaries. The court grants the request and the FAC is so amended with the understanding that the City's previously filed Answer to the FAC, including affirmative defenses, is responsive to the amendment.

this motion. Judicial economy would not be served if the court declined to consolidate, and the parties were forced to duplicate their work by litigating these issues at a later trial.

■ The City had adequate notice of this motion. Nowhere does the City contend that C.R. Rialto did not abide by the Federal Rules of Civil Procedure or the Local Civil Rules. The court notes that the city had adequate time to prepare not only an opposition, but a supplemental opposition as well.

■ Lastly, the City has had adequate time to conduct discovery. The City argues, in its opposition, that it has not had the time to depose C.R. Rialto's zoning expert. However, in a telephonic status conference on March 25, 1997, the City stated that it had deposed that witness, Mr. Lamishaw, and it was not going to present any evidence it obtained from the deposition to supplement its arguments. Further, the court extended the time for hearing this motion, in order to enable the parties to engage in discovery, in its minute order dated November 8, 1996. Finally, the city has made no showing why it could not present admissible evidence as to the existence of a location within the City where under the City's present zoning an adult oriented business may be established pursuant to the Code's zoning regulations regarding such use.

Consequently, the court grants C.R. Rialto's request to consolidate the hearing on the preliminary injunction with the trial on the merits of the permanent injunction. Further, pursuant to Fed.R.Civ.P. 42(b), the court grants C.R. Rialto's request to sever the trial of the claims raised by the motion from trial of its remaining claims.

### C. The City's Zoning Restrictions On Adult Oriented Businesses Are Unconstitutional As Applied Because They Preclude A Reasonable Opportunity For Adult Businesses To Operate In The City

C.R. Rialto contends that Section 18.105.050, 18.105.060 and 18.34.020–S ("Subject Regulations") violate the First Amendment because the application of those code provisions prohibits all adult oriented enter-

tainment businesses from operating within the City. The City has offered no evidence to show that under the Subject Regulations an adult oriented business may locate at any place within the City.

■ Section 18.105.050 permits adult oriented businesses in C–3 (general commercial) and C–M (commercial manufacturing) zones. Section 18.105.060 states that an adult business shall not be located within 1000 feet of residential zones or certain specified uses. Such regulations are " 'content neutral' time, place, and manner regulations [which] are acceptable so long as they are designed to serve a substantial government interest and do not unreasonably limit alternative avenues of communication." *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986).

The City argues that the Subject Regulations were designed to protect against the adverse secondary effects caused by an adult business in an inappropriate zone. C.R. Rialto does not dispute the City's justification for enacting the Subject Regulations. The sole substantive issue is whether application of the Subject Regulations deprives adult oriented business operators of reasonable alternative avenues of communication in the City.

■ The law is well established that a city may not enact zoning regulations that result in the total ban of adult oriented businesses, or make it practically impossible for them to locate within the city, because such regulations violate the business operator's right to free expression of speech under the First Amendment. *Renton*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29; *see also Schad v. Mt. Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524 (9th Cir.1993); *Santa Fe Springs Realty v. City of Westminster*, 906 F.Supp. 1341, 1355 (C.D.Cal.1995).

■ C.R. Rialto has submitted the declaration of Lamishaw, who conducted an analysis of the City's Subject Regulations and the City of Rialto Land Use Zoning Map. He concluded therefrom that there is no land in the City zoned C–3 or C–M that is not within

1000 feet of a residential zone. Thus, he found no location within the City where an adult business may locate. The city has presented no evidence or argument to contradict Lamishaw's findings.

Consequently, the Subject Regulations, as they are applied together, unreasonably limit the ability of an adult oriented business to locate within the City, and violate the business operator's First Amendment rights.

### D. *The Court May Not Sever Section 18.105.060 Because It Is Not Independently Unconstitutional*

The City contends that under section 18.105.080 of the Code, the court may sever from the code the distance restrictions of subdivisions (A) and (B) of Section 18.105.060, leaving Section 18.105.050, which permits adult oriented businesses in the C–3 and C–M zones, enforceable. C.R. Rialto contends that Sections 18.105.050 and 18.105.060 are independently constitutional, and are not severable, even though the combined application of the two regulations causes them to be unconstitutional.

"Severability is of course a matter of state law." *Leavitt v. Jane L.,* — U.S. —, —, 116 S.Ct. 2068, 2069, 135 L.Ed.2d 443 (1996). There are three criteria for severability under California law: "[T] he invalid provision must be grammatically, functionally, and volitionally separable." *Calfarm Insurance Co. v. Deukmejian,* 48 Cal.3d 805, 821, 258 Cal.Rptr. 161, 771 P.2d 1247 (1989). Generally, "only the invalid portion of a legislative enactment should be stricken down, and the valid balance enforced." *Skyline Materials, Inc. v. City of Belmont,* 198 Cal. App.2d 449, 18 Cal.Rptr. 95 (1961).

The City has submitted no authority supporting its proposition that Section 18.105.060 by itself is invalid or unconstitutional. C.R. Rialto appears to concede that Sections 18.105.050 and 18.105.060 standing alone are neutral time, place and manner regulations, and not violative of its First Amendment rights. The court agrees with C.R. Rialto.

Further, the City Council, in section 18.105.080, states that if for any reason a portion of Chapter 18.105 were declared invalid or unconstitutional, then other provisions of the chapter would be valid and enforceable. This is a clear indication that the City Council did not foresee or intend that a constitutional provision of chapter 18.105 be severed, but only unconstitutional provisions.

Lacking any judicial or statutory authority allowing this court to sever a facially constitutional provision of a zoning regulation such as Chapter 18.105 for the purpose of allowing another facially constitutional provision of such regulation to exist, and in its application be constitutional but not constitutional if applied together with the severed facially constitutional provision, the court declines to sever section 18.105.060 from the Code.

Accordingly, the court will not sever Section 18.105.060 from the Code.[2]

### E. *C.R. Rialto Has Standing To Bring This Motion*

The City contends that C.R. Rialto lacks standing to bring this motion because C.R. Rialto is precluded from operating an adult oriented business at its present location which is located in a C–S zone in which adult oriented businesses are not permitted. It argues that C.R. Rialto has suffered no injury in fact, but if C.R. Rialto did suffer an injury such was not caused by a constitutional violation, and any such injury is not redressable by the relief it is seeking. C.R. Rialto has not addressed the City's contention.

In *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) the court articulated a three prong test to determine whether a plaintiff has met the minimum constitutional standing requirements. A plaintiff must have suffered an actual or threatened injury, the injury must have been the result of the

---

**2.** The court determines that it need not address C.R. Rialto's other contentions regarding the nonseverability of Section 18.105.060(A) and (B).

challenged action, and the injury must be likely to be addressed by a favorable order. *Id.* at 472, 102 S.Ct. at 758–59.

■ As the court already stated, in its Minute Order dated October 11, 1996, as amended on March 27, 1997, C.R. Rialto "does have standing [to challenge the City's zoning scheme] on the basis of its assertion that it is currently being chilled as to its First Amendment rights to free expression in its efforts to seek alternative sites to the Riverside Avenue premises because of the alleged unconstitutionality of the City's regulation of adult businesses." The chilling of C.R. Rialto's First Amendment rights is an actual injury caused by the unconstitutional application of the Subject Regulations. Further, the injury will be addressed by the relief being sought in that a permanent injunction as requested will prohibit the application of the Subject Regulations throughout the City as to C.R. Rialto's adult oriented business.

## IV.

### *DISPOSITION*

The court states its intended decision to issue a permanent injunction enjoining the City from enforcing Sections 18.105.050, 18.105.060 and 18.34.020–S of the Code.

Regarding the court's intended decision to issue a permanent injunction, CR Rialto and the City are ordered to serve and file proposed findings of fact ("findings") and conclusion of law ("conclusions") and a proposed permanent injunction within 15 days from the date of this order. Further, each party may submit objections to the other party's proposed findings, conclusions and injunction no later than 10 days after being served by the other party with such documents.